Callahan, J.
(dissenting). I dissent. I think we would be justified in holding in the present case that there was absolute disqualification of the arbitrator as a matter of law, and of public policy, because of its relationship to one of the parties, and that, therefore, the appointment was void.
But in any event, it seems to me improper to hold upon the present record that the officers of the Camden Fibre Mills, who are merchants, are to be charged with knowledge (the existence of which it denies) that the TJ.S.S.R. Chamber of Commerce Foreign Trade Arbitration Commission as well as Amtorg Trading Corporation were both instrumentalities of the Russian Government. The use of the words “ Chamber of Commerce ” as part of the arbitrator’s title might well lead an American merchant to believe that such a body would be wholly disassociated from the government. At least, there should be a trial *534 of the existence of such knowledge on the part of Camden before we compel arbitration by one whose relation to one of the parties prevents any hope of an impartial hearing.
Sweet v. Morrison (116 N. Y. 19) is distinguishable. There the person selected by the parties was in the employ of neither party, although he sustained certain relations with both parties which made them stand upon an equal footing before him.
I vote to affirm the order appealed from or to modify the said order by directing a trial of the issue of Camden’s knowledge of the relationship of the arbitrator to Amtorg.
Peck, P. J., G-lennon, Van Voobhis and Shientag, JJ., concur in Per Curiam opinion; Callahan, J., dissents in opinion.
Order modified in accordance with opinion herein and, as so modified affirmed, with $20 costs and printing disbursements to the petitioner-appellant, without prejudice to a renewal of the application in event that visas are not obtainable or if for other reasons it becomes impossible or impracticable to conduct the arbitration in Moscow, TJ.S.S.R Settle order on notice. [See 278 App. Div. 653.]